IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | 2:14-cr-205 |
| PRICE MONTGOMERY | ) | 2:16-cr-63 |
| JAMES PERRIN | ) | 2:16-cr-223 |
| CHARLES COOK | ) |  |
| GLENN THOMAS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

On March 21, 2017, this Court granted the United States' Motions to Consolidate three criminal cases at docket numbers 14-cr-205, 16-cr-63, and 16-cr-223. (Mem. Order, ECF No. 279.[1]) The Court summarized the various charges and Defendants in each case in its prior Order and will not repeat them here except as necessary. (*See id.* at 4.) Although the Court determined that the cases should then be consolidated because they arose out of the same series of acts or transactions, "the Court [did] not conclude that all [four remaining] Defendants will necessarily have a single joint trial on all charges when the case progresses to that stage." (*Id.* at 7.)

The case has now progressed closer to the trial stage, and there are a number of severance matters before the Court. First, to protect Sixth Amendment rights, the United States has asked the Court to sever the charges at No. 16-cr-63, in which Defendant Montgomery is charged with soliciting the murders of federal witnesses, from the remaining charges at Nos. 14-cr-205 and 16-cr-223. (Gov't's Resp. to Def. Montgomery's Mot. to Suppress, ECF No. 410, at 4.) Also before the Court are two Motions to Sever, filed by Defendant Charles Cook (ECF No. 399) and

---

[1] Unless otherwise noted, all ECF filings are located at No. 14-cr-205.

1

Defendant Glenn Thomas (No. 16-cr-223, ECF No. 105), each asserting that Defendant will be prejudiced if his case is tried with the other Defendants and charges.

For the reasons that follow, the Government's request to sever the charges at No. 16-cr-63 is granted. Defendant Cook's Motion to Sever (ECF No. 399) is granted. Defendant Thomas's Motion to Sever (No. 16-cr-223, ECF No. 105) is denied.

**I.     Legal Standard**

There is a preference in the federal system for joint trials of properly joined defendants. As the Supreme Court explained in *Zafiro v. United States*, "Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209–10 (1987)) (internal citation omitted). Despite this preference, Federal Rule of Criminal Procedure 14 permits a district court judge to sever defendants or charges for trial if a joint trial "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

Whether to sever a charge or a defendant from a joint trial is a decision left largely to the district court judge's discretion. "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39. According to the Supreme Court:

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

*Id.* at 539 (citing *Richardson*, 481 U.S. at 211). In other words, "[a] defendant requesting severance pursuant to Rule 14 bears a heavy burden of demonstrating that a denial of severance would 'clear[ly] and substantial[ly] prejudice' the defendant, 'resulting in a manifestly unfair trial.'

*United States v. Augusta*, No. 16-cr-82, 2018 WL 318562, at *3 (M.D. Pa. Jan. 8, 2018) (quoting *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005)). "Mere allegations of prejudicial joinder are insufficient to warrant severance." *Id.* (quoting *United States v. Avila*, 610 F. Supp. 2d 391, 397 (M.D. Pa. 2009)).

## II. Analysis

Bearing the foregoing legal standards in mind, the Court will address each of the requests for severance in turn.

### A. The Government's Request for Severance of No. 16-cr-63

First, to protect Defendant Price Montgomery's Sixth Amendment rights, the United States has asked the Court to sever the charges at No. 16-cr-63, in which Defendant Montgomery is charged with soliciting the murders of two individuals he suspected would testify against him in a trial of the charges at No. 14-cr-205. During the hearing held in this matter on April 9, 2018, counsel for Defendant Montgomery (as well as counsel for all other Defendants) consented to severing the charges at No. 16-cr-63 from the charges at Nos. 14-cr-205 and 16-cr-223. (*See* Tr. of Proceedings on Apr. 9, 2018, ECF No. 416, at 65.) In light of this unanimous consent to severance, as well as the Court's determination that such severance is in the interests of justice, the Court grants the Government's request. The charges pending against Defendant Montgomery at No. 16-cr-63 will be tried separately from the charges against Defendant Montgomery and the other Defendants at Nos. 14-cr-205 and 16-cr-223.

### B. Defendant Cook's Motion to Sever

The Court likewise concludes that trying the charge against Defendant Cook—one count of conspiracy to launder monetary instruments brought at No. 14-cr-205—separately from the remaining charges and Defendants is in the interests of justice, and it accordingly grants Defendant

Cook's Motion to Sever, ECF No. 399. Although the money laundering charge against Defendant Cook arose out of the same series of acts or transactions as the heroin distribution conspiracy and the other charges pending at No. 14-cr-205 (and therefore the Defendants were properly joined under Federal Rule of Criminal Procedure 8), the Court concludes that Defendant Cook faces a serious risk of incurable prejudice if his money laundering charge (which allegedly involved purchasing a vehicle with proceeds that Defendant Montgomery received from unlawful heroin distribution) is tried alongside charges for a large-scale heroin distribution conspiracy, unlawful possession of firearms, and murder and attempted murder of federal witnesses—none of which are alleged to have involved Defendant Cook, according to the Second Superseding Indictment. (2d Superseding Indictment, ECF No. 153.) Moreover, a separate trial for Defendant Cook would not unduly burden judicial resources, since the overwhelming majority of the evidence produced in a joint trial would not relate to Defendant Cook's case. This would be particularly true if Defendant Cook stipulates that the funds he used to purchase the vehicle came from unlawful activity, which counsel for Defendant Cook stated at the April 9, 2018, hearing that he would likely be willing to do. (*See* Tr. of Proceedings on Apr. 9, 2018, ECF No. 416, at 75.)

The Court concludes that this is the type of complex case identified in *United States v. Walker* involving many Defendants, very different charges, and "markedly different degrees of culpability," 657 F.3d 160, 170 (3d Cir. 2011), which reasonably calls into question "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility," specifically regarding Defendant Cook. *Id.* (quoting *United States v. Davis*, 397 F.3d 173, 183 (3d Cir. 2005)). Accordingly, given the severity of the charges pending against the other Defendants at Nos. 14-cr-205 and 16-cr-223—specifically murder and attempted murder—the Court concludes there is a serious risk that a joint trial would "prevent the

jury from making a reliable judgment about guilt or innocence" as to Defendant Cook's money laundering charge.

C.     **Defendant Thomas's Motion to Sever**

The same result is not compelled for Defendant Thomas's Motion to Sever, ECF No. 105 at No. 16-cr-223. Defendant Thomas is charged with two counts of acting as an accessory after the fact to the murder of Tina Crawford, a murder that Defendant Montgomery is charged with committing. Unlike Defendant Cook's money laundering charge, this is not a case where a Defendant charged with a nonviolent offense risks being swept into a wave of unrelated violent offenses in a joint trial—here, the murder charge against Defendant Montgomery (which arose directly from the heroin distribution conspiracy charges, according to the Second Superseding Indictment) is part and parcel to the accessory after the fact charges against Defendant Thomas. Defendant Thomas's counsel conceded this point during the April 9, 2018, hearing in this matter. (Tr. of Proceedings on Apr. 9, 2018, ECF No. 416, at 77.) Indeed, although Defendant Thomas's charges were brought at No. 16-cr-223, four of the ten counts at No. 14-cr-205—Counts 7 through 10—directly relate to one of the elements that the Government must prove in its case against Defendant Thomas: that a crime of violence was committed by Defendant Montgomery against Tina Crawford and her mother. (*Id.*; 2d Superseding Indictment, ECF No. 153, at 11–14.)

Defendant Thomas's principal argument in favor of severance is the risk that certain evidence produced in a joint trial may implicate Defendant Thomas in the heroin distribution conspiracy or as playing an active role in the murder of Tina Crawford—offenses for which he is not charged—and that a jury might improperly convict him on these grounds. (Def. Thomas's Mot. for Severance, No. 16-cr-223, ECF No. 105, at 10–12.) Defendant Thomas's challenges to certain evidence may be well taken, but the solution to this is evidentiary rulings by the Court that protect

5

Defendant Thomas's rights and rigorous and robust instructions to the jury, not severance of Defendant Thomas's case. Given the well-documented preference for joint trials in the federal system, the relation of the charges between Defendant Montgomery and Defendant Thomas, the overlap of evidence that would result from separate trials, and the availability of sound and viable alternative remedies to avoid undue prejudice to Defendant Thomas, the Court concludes that severance is neither required to ensure Defendant Thomas gets a fair trial nor is in the interests of justice and judicial economy. *See, e.g.*, *Zafiro*, 506 U.S. at 537; *Walker*, 657 F.3d at 170–71; *Augusta*, 2018 WL 318562, at *3.

### III. Conclusion

For the reasons stated in this Memorandum Opinion, the Government's request to sever the charges at No. 16-cr-63 and Defendant Cook's Motion to Sever (ECF No. 399) are each GRANTED. Defendant Thomas's Motion to Sever (No. 16-cr-223, ECF No. 105) is DENIED.

Accordingly, there will be three trials in this matter: (1) all charges against Defendants Montgomery, Perrin, and Thomas at Nos. 14-cr-205 and 16-cr-223; (2) the money laundering charge against Defendant Cook alone at No. 14-cr-205; and (3) the solicitation charges against Defendant Montgomery alone at No. 16-cr-63, and presumptively in that order.

An appropriate Order will follow.

Mark R. Hornak
United States District Judge

Dated: July 31, 2018

cc: All counsel of record